UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00281-WHO-1 |
| Plaintiff, | |
| v. | **FINAL (PROPOSED) JURY INSTRUCTIONS** |
| ALEXANDER BULAZO, | |
| Defendant. | |

**NO. 1**

**Duties of the Jury to Find Facts and Follow Law**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 2**

**Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof**

The indictment is not evidence. Mr. Bulazo has pleaded not guilty to the charge. Mr. Bulazo is presumed to be innocent unless and until the government proves Mr. Bulazo guilty beyond a reasonable doubt. In addition, Mr. Bulazo does not have to testify or present any evidence. Mr. Bulazo does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

**NO. 3**

**Defendant's Decision To Testify**

Mr. Bulazo has testified.  You should treat this testimony just as you would the testimony of any other witness.

**NO. 4**

**Reasonable Doubt—Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Bulazo is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Bulazo is guilty, it is your duty to find Mr. Bulazo not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Bulazo is guilty, it is your duty to find Mr. Bulazo guilty.

United States District Court
Northern District of California

**NO. 5**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

**NO. 6**

**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence and the parties' stipulations, which reflect their agreements as to certain facts. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

I gave you this example at the beginning of the trial, but let me remind you again: If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**NO. 8**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**NO. 9**

**Implicit Bias**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hardwired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in this case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases. The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

**NO. 10**

**Activities Not Charged**

You are here only to determine whether Mr. Bulazo is guilty or not guilty of the charge in the indictment.  Mr. Bulazo is not on trial for any conduct or offense not charged in the indictment.

## NO. 11

### Embezzlement or Conversion From Employee Pension Benefit Plan

### (18 U.S.C. § 664)

Mr. Bulazo is charged with theft, embezzlement or conversion of funds from an employee pension benefit plan, in violation of Section 664 of Title 18 of the United States Code. For Mr. Bulazo to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, City Baking Company's Profit-Sharing Plan was established or maintained as an employee pension benefit plan subject to Title I of the Employee Retirement Income Security Act of 1974 (known as "ERISA"); and

Second, Mr. Bulazo either:

     (a) embezzled funds of the plan; or

     (b) unlawfully converted funds of the plan to his own use or the use of another, with all of you agreeing unanimously on either (a) or (b); and

Third, the act or acts of embezzlement or conversion were committed willfully, meaning that Mr. Bulazo acted with a fraudulent intent or a bad purpose or an evil motive.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 12**

**Employee Pension Benefit Plan—Defined**

An employee pension benefit plan subject to ERISA is any plan, fund, or program established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

**NO. 13**

**Plan Participant—Defined**

For purposes of this case, ERISA defines a plan "participant" as any employee or former employee of an employer who is or may become eligible to receive a benefit from an employee benefit pension plan.

**NO. 14**

**Embezzlement—Defined**

For purposes of this case, "embezzlement" is the fraudulent appropriation of the funds of another by a person in lawful possession of the funds or to whom such funds have been entrusted, including by a fiduciary, with the fraudulent intent to deprive the property owner or owners of the funds.

Appropriation is the application of another's funds to one's own use.

**NO. 15**

**Intent to Defraud**

An intent to defraud, or a fraudulent intent, is an intent to deceive and cheat.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 16**

**Fiduciary—Defined**

A person is a "fiduciary" with respect to an ERISA pension plan to the extent that the person exercises discretionary authority or discretionary control respecting management of the plan, or to the extent that the person exercises authority or control respecting management or disposition of its assets. A trustee of an ERISA pension plan is a fiduciary.

**NO. 17**

**Conversion—Defined**

For the purposes of this case, "conversion" means the use of funds, placed in one's custody for a limited purpose, in an unauthorized manner or to an unauthorized extent.

**NO. 18**

**Unlawfully and Willfully—Defined**

For you to find that Mr. Bulazo acted (1) unlawfully and (2) willfully, you must find that he acted:

1. With the voluntary intent to violate a known legal duty; and

2. With a fraudulent intent, or a bad purpose, or an evil motive.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 19**

**Knowingly**

An act is done knowingly if Mr. Bulazo is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of Mr. Bulazo's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Bulazo acted knowingly.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 20**

**On or About—Defined**

The indictment charges that the offense alleged was committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**NO. 21**

**Fiduciary Duty and Regulatory Compliance**

Mr. Bulazo is charged with Theft or Embezzlement from an Employee Pension Benefit Plan.  You have heard evidence concerning ERISA regulations and the fiduciary duties owed to the plan's participants.  Mr. Bulazo cannot be convicted of the charged offense merely because he breached a fiduciary duty or violated an ERISA regulation, including by engaging in a "prohibited transaction," although you may consider such evidence, along with all other evidence in the case, to determine whether the government has proved the elements of the offense beyond a reasonable doubt.

**NO. 22**

**Intent to Repay**

To find Mr. Bulazo guilty of the charged offense, you must find the government has proved beyond a reasonable doubt each element of the offense as I have described them to you. The fact that Mr. Bulazo intended to, or did, repay funds taken from an employee benefit plan is not, by itself, a defense to the charge in the indictment.  However, you may consider such evidence when determining whether the government has proved beyond a reasonable doubt that Mr. Bulazo acted willfully, that is, with a fraudulent intent or a bad purpose or an evil motive.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**NO. 23**

**Intent to Benefit Plan Participants**

To find Mr. Bulazo guilty of the charged offense, you must find the government has proved beyond a reasonable doubt each element of the offense as I have described them to you. If you find that Mr. Bulazo believed his acts would benefit the employee benefit plan's participants, or that his actions did benefit the participants, that is not, by itself, a defense to the charge in the indictment. However, you may consider such evidence when determining whether the government has proved beyond a reasonable doubt that Mr. Bulazo acted willfully, that is, with a fraudulent intent or a bad purpose or an evil motive.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**NO. 24**

**Good Faith**

You may consider whether Mr. Bulazo had an honest, good faith belief that his actions were lawful in determining whether or not he acted with the intent to commit the charged offense.

[Waiting for parties' additions.]

**NO. 25**

**Statute of Limitations**

To convict Mr. Bulazo of the charged offense, you must find beyond a reasonable doubt that the charged offense was completed on or after July 28, 2017. If you find that the charged offense was completed prior to July 28, 2017, you must find Mr. Bulazo not guilty.

United States District Court
Northern District of California

## NO. 26

### Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NO. 27

### Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

**NO. 28**

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**NO. 29**

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against Mr. Bulazo beyond a reasonable doubt.

**NO. 30**

**Verdict Form**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson-should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy, Ms. Davis, that you are ready to return to the courtroom.

**NO. 31**

**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, Ms. Davis, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of Mr. Bulazo, until after you have reached a unanimous verdict or have been discharged.